IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAKOTAH SMITH** | : | CIVIL ACTION |
| 63 Third Street, #303A | : | |
| Mansfield, PA 16933 | : | NO.  4:26-CV-2130 |
| Plaintiff | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| **PRECISION DRILLING, LP** | : | |
| 10350 Richmond Avenue, Suite 700 | : | |
| Houston, TX 77042 | : | |
| Defendant | : | |

## COMPLAINT

Dakotah Smith ("Plaintiff"), the Plaintiff in the above-styled action, by and through his undersigned counsel, hereby states the following Complaint in Civil Action against Precision Drilling, LP ("Defendant"), and in support thereof avers as follows:

## INTRODUCTION

1.      This Complaint stems from an industrial accident which occurred on or about August 31, 2024.

2.      On or about August 31, 2024, Defendant created a dangerous, hazardous, and unsafe condition as an employee ("Calaman") tipped a mat over forward instead of the standard procedure of backwards and this improper action caused the mat to slip out of the grapple forks of the front-end loader and drop approximately two (2) feet to the ground landing directly on Plaintiff's left foot, causing injury.

3.      On or about August 31, 2024, Plaintiff, acting as an employee of Beech Resources, an independent company not affiliated with Defendant, was working as a containment worker at 4458

Daugherty Run Road, Linden, Lycoming County, Pennsylvania 17744, alongside Luke Metzger. Plaintiff and Mr. Metzger had washed approximately 15 rig mats prior to the incident arising in this Complaint.

4.      The mat fell on top of Plaintiff's left foot due to Calaman operating heavy machinery in an improper and unsafe manner while acting in the course and scope of his employment with Defendant.

5.      Calaman was acting as an agent for Defendant at the time of the aforementioned incident.

## PARTIES

6.      Dakotah Smith ("Plaintiff") is an adult individual residing at 63 Third Street, #303A Mansfield, PA 16933.

7.      Defendant Precision Drilling, LP, ("Defendant") is an international company with a United States Headquarters located at 10350 Richmond Avenue, Suite 700, Houston, Texas 77042, and is thusly a corporate citizen of the State of Texas.

## JURISDICTION AND VENUE

8.      Plaintiff incorporates the preceding paragraphs herein as if fully set forth.

9.      This Court has subject matter jurisdiction over these claims pursuant to diversity of citizenship as enumerated under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.

10.      Defendant does business, has registered to do business, and/or has direct contacts in the Commonwealth of Pennsylvania and with Plaintiff who is a resident thereof.

11.      Venue is proper in this judicial district under laws, including but not limited to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to this cause of action occurred in this judicial district.

## COUNT I – NEGLIGENCE

12.    Plaintiff incorporates the preceding paragraphs herein as if fully set forth.

13.    Plaintiff's injury was a direct and proximate result of the careless, negligent, and reckless conduct of Defendant, generally and in the following particulars:

   a.   Having an agent, employee, and/or servant fail to operate the front-end loader in a safe, reasonable, and attentive manner and failed to exercise due care to avoid causing injury to Plaintiff or other individuals.

   b.   Causing and permitting dangerous, hazardous, and unsafe conditions to exist at the property;

   c.   Failing to thoroughly inspect and supervise the work conducted by the front-end loader operator wherein the Plaintiff and his coworkers were working;

   d.   Failing to warn Plaintiff or other persons that Defendant Calaman was going to be working with the front-end loader in an aggressive, negligent manner while Plaintiff was working underneath it;

   e.   Failing otherwise to comply with the applicable laws and regulations of the Commonwealth of Pennsylvania and the applicable Federal laws and regulations; and

   f.   Otherwise failing to exercise the degree of care required under the circumstances.

14.    As a result of Defendant's negligence, Plaintiff sustained serious and severe injuries to his person, including, but not limited to, the following injuries:

   a.   Crush injury;

   b.   Closed fracture of left foot;

   c.   Closed displaced fractures of the second, third, and fourth metatarsal bones of the left foot;

d.  Skin ulcer of toe of left foot;

e.  Necrosis of tissue of left foot;

f.  Open wounds and sores on his foot and toes;

g.  Bruising and disfigurement;

h.  Depression; and

i.  Other serious and severe personal injuries.

15.  As a direct and proximate result of her injuries, Plaintiff has incurred consequential damages in general, specifically including, but not limited to medical expenses; lost wages; pain, inconvenience embarrassment, and mental anguish; and deprivation of ordinary pleasures of life, loss of well-being, and equanimity; a permanent impairment to his foot; other serious permanent injuries; and an impairment of his overall health, strength, and vitality.

**WHEREFORE**, Plaintiff demands judgement against Defendant in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000), together with such further relief as this Honorable Court may deem appropriate.

## COUNT II – NEGLIGENT HIRING AND RETENTION

16.  Plaintiff incorporates the preceding paragraphs herein as if fully set forth.

17.  Defendant had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant owed such duty to Plaintiff and all other people who could have been harmed by Calaman's negligent and reckless actions while working on heavy duty equipment and such duty was breached.

18.  Defendant knew, or should have known, that Calaman would be likely to fail to abide by safety guidelines and protocols when working on heavy duty equipment in a negligent and reckless manner.

19.    Defendant knew, or should have known, that Calaman was not competent or fit for the duties required of him as an employee. Defendant breached their duty to use reasonable care to select and retain an employee that was competent and fit for the position.

20.    As a result of Defendant's negligence in hiring and retaining Calaman, Plaintiff was injured as alleged.

**WHEREFORE**, Plaintiff demands judgment against Defendant of an amount to be determined at trial, plus costs, pre-judgment interest, post-judgment interest, and for any further relief that this Honorable Court deems appropriate.

### COUNT III – NEGLIGENT TRAINING AND SUPERVISION

21.    Plaintiff incorporates the preceding paragraphs herein as if fully set forth.

22.    The above-described acts of Calaman were committed while he was acting as an agent, servant, and or employee of Defendant.

23.    Defendant owed a duty to make sure Calaman was trained to operate the heavy-duty equipment and dangerous machinery required of him on the job site and that adequate supervision was performed to verify that Calaman abided by the safety training.

24.    Beyond just having a safety training, Defendant also owed a duty that the safety training was thorough and adequately prepared all employees, agents, or servants to perform their job responsibilities without putting any invitees, licensees, or other foreseeable people at risk due to the actions of their employees, agents, and/or servants.

25.    Defendant had the duty to make sure their training met all the standards of regulation and practice within their professional field.

26.    Defendant had a duty to make sure their supervision of all employees, agents, and/or servants met all the standards of regulation and practice within their professional field.

27. Defendant owed such duties to Plaintiff and all other people who could have been foreseeably harmed by Calaman's negligent and reckless actions while operating heavy duty equipment and such duty was breached.

28. If Defendant had adequately trained and/or supervised Calaman, then the injuries suffered by Plaintiff on the aforementioned date could have been prevented.

29. Defendant failed to uphold these basic standards of care of operating their business.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000), together with such further relief as this Honorable Court may deem appropriate.

## **COUNT IV – AGENCY**

30. Plaintiff incorporates the preceding paragraphs herein as if fully set forth.

31. The above-described acts of Calaman were committed while he was acting as an agent, servant, and/or employee of Defendant.

32. The above-described acts of Calaman were committed within the scope of his agency and while furthering the business interests of Defendant.

33. As the principals for Calaman, Defendant is responsible for all of the acts committed by Calaman within the scope of his agency.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000), together with such further relief as this Honorable Court may deem appropriate.

ETHEN OSTROFF LAW, PC
Attorney for Plaintiffs

Date: July 7, 2026                    By:

Brandon H. Zanan, Esquire
Attorney ID No.: 315747
21 E. 5th Avenue, Suite 102
Conshohocken, PA 19428
(267) 297-2077